11650

BAER v. OTTS

(126 S. E., 44)

BROKERS—BROKER AUTHORIZED TO SELL LOT AT CERTAIN PRICE, NET TO OWNER, NOT ENTITLED TO COMMISSION, WHERE THERE WAS NO SALE.—Owner who authorized broker to sell lot described by him as 125 feet on certain avenue, for specified amount "net to me," was not liable for commission, where broker procured prospective purchasers who refused to accept deeds conveying only 102 feet, though owner offered to convey at a less price.

Before SEASE, J., Spartanburg, July, 1924. Affirmed.

Action by R. H. Baer against Cornelius Otts. The Circuit Court reversed the judgment for plaintiff in the Magistrate's Court, and plaintiff appeals.

*Messrs. Perrin & Tinsley,* for appellant, cite: *Agent's right to commissions:* 5 N. Y. Supp., 187; 21 Barb., 145; 209 U. S., 237; 4 R. C. L., 312; 109 S. E., 463; 88 S. E., 497.

*Mr. Cornelius Otts,* for respondent, cites: *Exceptions raise questions of fact:* 83 S. C., 215; 89 S. C., 439; 88 S. C., 308; Code 1922, Vol. 1, page 261.

January 5, 1925.

The opinion of the Court was delivered by Mr. Justice Fraser.

Cornelius Otts owned some lots that he desired to sell. He sent out to some real estate dealers the following notice:

"February 8, 1925.

"To Real Estate Dealers:

"Notice of Change of Price.

"My lots are offered for sale:

112 feet on Glendalyn Street, fronting
    the little park ............................................ $2,600 net to me
125 feet on Clifton Avenue, running
    back to alley with Plume Street ................. $3,200 net to me
185 feet on Otis Boulevard, 160 feet
    deep, at .................................. $35.00 a front foot net to me

"Prices I have heretofore made are withdrawn. These prices are being made to each real estate agent in town.

"If a sale is made to a party who is brought to me or introduced to me by a real estate man, no price will be made to him except through the real estate agent, and only one commission will be paid, and that will be the agent who makes the sale, and that commission shall be such sum as he sells it for over and above the net price to me. In other words, I will not price these lots to any party who is brought to me by a real estate agent. I do this to protect the agent, and

the same prices will be made to each agent. Under no circumstances will the above net prices be reduced.

"Yours very truly,

"CORNELIUS OTTS."

The appellant, R. H. Baer, received one of these notices, and brought to Mr. Otts two men who offered to buy the Clifton Avenue and Plume Street lots. On an inspection, it was found that the deeds proposed to convey only 102 feet, instead of 125 feet, and the prospective purchasers refused to buy, and no sale was made. Mr. Otts offered to convey at a less price, but the purchasers still refused to buy. Mr. Baer then demanded commissions of $100, which Mr. Otts refused to pay. Mr. Baer brought suit for the $100 before a Magistrate. The Magistrate gave judgment for the plaintiff. The defendant appealed to the Circuit Court. The case was heard by Judge Sease, who reversed the finding of the Magistrate, and this appeal is from the judgment of Judge Sease.

There are many exceptions, but the appellant in his argument states that there is only one question, is the respondent liable for the commissions? The answer is that he is not liable for any commissions.

The commissions were to be the amount the dealer could get over the price stipulated in the notice to the dealers. There has been no sale and no surplus out of which the commissions were to be paid. There is no evidence in the case to show that there was to be a surplus, even if a sale had been made. There is nothing in the case to show that the lot in question was to be sold by the front foot. Indeed, the statement in the notice, as to the third lot, to wit, "185 feet on Otis Boulevard, 160 feet deep, at $35 a front foot net to me," would indicate that the other two were to be sold as lots, and not by the front foot. As a matter of fact, the lot in question did have 125 feet, and Mr. Otts offered to sell the whole lot, and his offer was declined. There is ab-

solutely no basis for the charge of $100 for commissions, or any other sum.

The judgment appealed from is affirmed.

Messrs. Justices Watts, Cothran and Marion concur.

Mr. Chief Justice Gary did not participate.